IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REBECCA JANKOWSKI, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SAGE CORPORATION, ) <br> ) <br> Defendant. ) <br> ) <br> ) | Civil Action No. 08-770 <br><br> Judge Joy Flowers Conti <br> Magistrate Judge Cathy Bissoon |

**MEMORANDUM ORDER**

On August 5, 2009, this case was referred to a United States Magistrate Judge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. §§ 636(b)(l)(A) and (B), and Rules 72.C and 72.D of the Local Rules for Magistrate Judges.

On February 23, 2010, the magistrate judge issued a Report (Docket No. 37) recommending that the motion for summary judgment (Docket No. 26) filed by defendant Sage Corporation ("defendant") be granted in part and denied in part. Service of the Report and Recommendation was made on the parties, defendant filed objections on March 9, 2010 and plaintiff filed a response to the objections. See (Docket No. 38. Defendant objects to the magistrate judge's recommendation that its motion be denied as to count II of the complaint filed by plaintiff Rebecca Jankowski ("plaintiff") for retaliation.

None of defendant's objections have merit. Defendant asserts that the magistrate judge erroneously concluded that material issues of fact remain as to plaintiff's Title VII retaliation claim. In support, defendant raises evidence that the magistrate judge allegedly ignored and that it argues establishes that no causal connection exists between plaintiff's protected conduct, e.g.,

her complaint of harassment, and the termination of her employment.  Defendant's objections are overruled.  A review of the entire record demonstrates that the magistrate judge properly considered all the evidence relating to plaintiff's Title VII retaliation claim.  By repeatedly pointing to evidence it believes supports its position, defendant's objections themselves demonstrate the existence of material issues of fact with respect to the retaliation claim.  Based upon a review of the record as a whole and as the magistrate judge correctly concluded, the evidence, considered collectively, is sufficient for a reasonable jury to conclude that a causal connection exists between the protected activity and the adverse employment action.  Accordingly, summary judgment is inappropriate on plaintiff's retaliation claim.

After a *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation, the objections and response to the objections, the following order is entered:

**AND NOW**, on this 24th day of March, 2010, **IT IS HEREBY ORDERED** that defendant's motion for summary judgment (Doc. 26) is **GRANTED IN PART AND DENIED IN PART**, as follows:

> (i) Defendant's Motion for Summary Judgment as to Count I of Plaintiff's Complaint for gender discrimination (Doc. 26) is **GRANTED** and Count I is dismissed with prejudice;
>
> (ii) Defendant's Motion for Summary Judgment as to Count III of Plaintiff's Complaint for hostile work environment (Doc. 26) is **GRANTED** and Count III is dismissed with prejudice; and
>
> (iii) Defendant's Motion for Summary Judgment as to Count II of Plaintiff's Complaint for retaliation (Doc. 26) is **DENIED**.

The Report and Recommendation of Magistrate Judge Bissoon dated February 23, 2010 is hereby adopted as the opinion of the District Court.

/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge

cc (via email):

Gregory G. Paul, Esq.
Wayne E. Pinkstone, Esq.